USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/17/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

| | | |
|---|---|---|
| AUTOMOBILE CLUB OF NEW YORK, INC., | : | 04 Civ. 2576 (SHS) |
| Plaintiff, | : | |
| -against- | : | ORDER |
| GRETCHEN DYKSTRA, as Commissioner of the Department of Consumer Affairs of the City of New York and the CITY OF NEW YORK, | : : | |
| Defendants. | : | |

------------------------------------------------------------------x

SIDNEY H. STEIN, U.S. District Judge.

Plaintiff Automobile Club of New York, Inc. ("AAA") moves pursuant to Fed. R. Civ. P. 62(c) for a stay pending its appeal to the United States Court of Appeals for the Second Circuit from the judgment of this Court entered December 24, 2008, insofar as that judgment permitted defendants to enforce New York City's licensing scheme with respect to the tow trucks of any non-resident tow company picking up any passenger vehicle from a point within New York City.

The decision to grant a stay is discretionary. See Woodlawn Cemetery v. Local 365 Cemetary Workers and Greens Attendants Union, 930 F.2d 154, 156 (2d Cir. 1991). Traditionally, courts apply four factors when determining whether or not to grant a stay: (1) whether the applicant has made a strong showing that it is likely to succeed on the merits of the appeal, (2) whether irreparable injury will result in the absence of the stay, (3) whether the non moving party will suffer substantial injury, and (4) where the public interest lies. In re World Trade Center Disaster Site Litigation, 503 F.3d 167, 170 (2d Cir. 2007) (quoting Hilton v. Braunskill, 481 U.S. 770, 776 (1987)).

Factor 1: The Second Circuit's reasoning admits that out-of-town towers that neither have vehicles under tow nor are simply passing through New York City are subject to City safety concerns. Auto. Club of New York, Inc. v. Dykstra, 520 F.3d 210, 217 (2d Cir. 2008). Such vehicles are clearly candidates to engage in the "chasing" that the City's safety regulations aim to curtail.

Factor 2: The injury asserted by plaintiff is largely the potential loss of business by its members; that is not irreparable but is rather compensable by money damages. Its additional argument is that members of the public will be serviced better if unlicensed out-of-town towers can pick up cars in the City for towing, but proffers no facts to support that claim.

Factor 3: This factor is somewhat neutral, although the absence of an interim stay will permit enforcement of the City's safety regulations.

Factor 4: This factor supports defendant: the public interest lies in enforcement of the City's regulations against out-of-town towers to the extent permitted by the December 24, 2008, judgment.

In conclusion, the four relevant factors weigh in favor of the City being able to enforce the judgment in full. Accordingly,

IT IS HEREBY ORDERED that plaintiff's motion for an interim stay of a portion of the December 24, 2008 judgment of this Court is denied.

Dated: New York, New York
February 17, 2009

SO ORDERED:

Sidney H. Stein, U.S.D.J.